Terri Lee HALDERMAN et al., Plaintiffs,

v.

**PENNHURST STATE SCHOOL AND HOSPITAL et al., Defendants,**

**United States of America, Plaintiff-Intervenor,**

**Pennsylvania Association for Retarded Citizens et al., Plaintiffs-Intervenors.**

Civ. A. No. 74–1345.

United States District Court, E.D. Pennsylvania.

Dec. 23, 1982.

David Ferleger, Herbert B. Newberg, Philadelphia, Pa., for Terri Lee Halderman.

Thomas M. Kittredge, Philadelphia, Pa., for Bucks, Chester and Delaware Counties.

Robert B. Hoffman, Deputy Atty. Gen., Harrisburg, Pa., for the Com. of Pennsylvania.

Thomas Gilhool, Public Interest Law Center, Philadelphia, Pa., for Pennsylvania Ass'n for Retarded Citizens.

Herbert B. Newberg, Philadelphia, Pa., for David Ferleger.

Pamela P. Cohen, Philadelphia, Pa., for Pennhurst Parents Ass'n.

Terisa Chaw, Civil Rights Div., Dept. of Justice, Washington, D.C., R. Stephen Barrett, Asst. County Sol., Norristown, Pa., for Montgomery County.

Marc H. Myers, Asst. City Sol., Philadelphia, Pa., for Philadelphia County.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On August 12, 1982, this Court entered an Order directing the Office of the Special Master to phase out its operations on or before December 31, 1982. One function that has been performed by the Special Master is the monitoring of this Court's Orders which require the appointment of certified advocates to represent members of the plaintiff class who have no parent or close relative who can represent them in the professional planning process conducted pursuant to this Court's Order of March 17, 1978 (446 F.Supp. 1295, 1326) as amended April 24, 1980. It appears that, up to the present time, the Commonwealth defendants have not been active in supervising the program for certified advocates. The Commonwealth defendants have not implemented an effective means of providing any type of advocacy services to the plaintiff class members who require such services. Thus, contemplating the closing of the Special Master's office, the Court has determined that it is necessary to enter an Order requiring the Commonwealth defendants to continue to administer and maintain the advocacy program until such time as the Commonwealth defendants establish an advocacy system approved by the Court.

The Court will not now engage in a long discussion of the history of this case. Suffice it to say that the Court, on the basis of the evidence presented at a 32-day trial held in 1977, found that the conditions at Pennhurst violated the statutory and constitutional rights of the retarded residents of Pennhurst. As part of the injunctive remedy ordered by the Court, a professional planning process was to be undertaken for each class member with the aim of providing each retarded class member minimally adequate habilitation in the least restrictive environment. In this planning process, the parent or other close relative or guardian of the class member normally serves as an advocate for the retarded individual during the planning process, which also involves the retarded citizen's case manager, who is a county employee, and Pennhurst professional staff, who are state employees. The advocate is necessary to ensure that a voice independent of the government-employed professionals may raise questions and issues on behalf of the retarded citizen who in many instances is not capable of articulating his or her own needs. For a more complete description of the IHP planning process, see Memorandum of December 22, 1982.

The Court's original injunctive order in this case (see Order of March 17, 1978, 446 F.Supp. 1326) directed the Commonwealth defendants to establish a system of such advocates. While awaiting action by the Commonwealth defendants, the Office of the Special Master established a program whereby advocates were trained, certified, and paid and supervised by the Master's office so that class members who do not have interested parents or guardians will

have someone articulating the needs of the retarded person during the individual habilitation planning process.

On September 22 and 29, 1982, this Court, mindful of the planned phase-out of the Office of the Special Master, held a hearing concerning the Commonwealth defendants' plans to provide advocacy services for those class members requiring an advocate for the IHP planning process. At the conclusion of the hearing, the Court directed the Commonwealth defendants to provide this Court with a definite plan for advocacy (*see* Order of September 29, 1982). This plan was to be submitted by November 1, 1982. On November 1, the Commonwealth defendants requested an additional 30 days to prepare the plan; the Court granted this request (*see* Order of November, 1982). On December 2, 1982, the Commonwealth defendants submitted a proposal (*see* Dkt. No. 1681), which proposal is still in the developmental stage. The Court must therefore, in order to protect the rights of those plaintiff class members who have no parent or guardian to speak on their behalf, enter an Order requiring the Commonwealth defendants to continue the certified advocacy program currently in existence until such time as the Commonwealth defendants complete their formulation of an alternative advocacy system which will adequately protect the right of those class members requiring advocates.

The Special Management Unit of the Pennhurst Implementation Team established by the Department of Public Welfare's Office of Mental Retardation will therefore be required to fund and supervise the certified advocate system currently in place and the Commonwealth defendants shall make such arrangements as are necessary to assure the funding of the program until the Commonwealth defendants establish an advocacy system approved by this Court. An appropriate order will be accordingly entered.

### ORDER

AND NOW, this 23rd day of December, 1982, for the reasons set forth in this Court's Memorandum of December 23, 1982,

IT IS HEREBY ORDERED:

1. The Commonwealth defendants are enjoined and ordered to continue to administer and assure funding for the certified advocate program as currently operated. Specifically, commencing January 1, 1983, Commonwealth defendants through the Special Management Unit of the Department of Public Welfare's Pennhurst Implementation Team are responsible for supervising, training, obtaining, providing and paying advocates to represent those class members who have no parent, guardian, or close relative who will represent them in the individual habilitation planning process.

2. This Order shall remain in full force and effect until the Commonwealth defendants obtain this Court's approval of the alternate advocacy system which is now in the process of being planned by the Commonwealth defendants.